UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ONEWEST BANK, N.A.,

          Plaintiff,

-against-

FRANTZ VAVAL, KETLY VAVAL,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. as
nominee for FRANKLIN FIRST
FINANCIAL, LTD., NEW YORK CITY
TRANSIT ADJUDICATION BUREAU,
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, JEANINE
ALTENOR, LISTON ALTENOR, and
JANE DOE,

          Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-3437 (CBA) (PK)

**AMON, United States District Judge:**

OneWest Bank, N.A. ("OneWest") brings this action seeking to foreclose on a mortgage encumbering a property owned by Frantz and Ketly Vaval. (D.E. # 14 ("Am. Compl.").) After defendants failed to appear and defend the action, OneWest requested a certificate of default against all defendants, (D.E. # 27), which the Clerk of Court entered on January 22, 2015, (D.E. dated Jan. 22, 2015.) OneWest then moved for a default judgment, (D.E. # 30 ("Mot. for Default J.")), and, on February 10, 2015, this Court referred its motion to the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, for a Report and Recommendation ("R&R"), (D.E. dated Feb. 10, 2015).

On August 27, 2015, Magistrate Judge Pohorelsky issued an R&R recommending that the Court deny OneWest's motion for default judgment subject to the submission of supplemental information. (D.E. # 39 ("R&R").) The R&R concludes: (1) that the Court should grant OneWest's request to dismiss defendant Jane Doe from the case because she no longer resides at

1

the property at issue, (id. at 3–4); (2) that OneWest's complaint sufficiently establishes defendants' liability, (id. at 5–6); and (3) that OneWest is entitled to sale and foreclosure of the property as well as the requested attorneys' fees, (id. at 10–11). However, the R&R recommends that default judgment should not be entered "unless and until" OneWest establishes this Court's subject matter jurisdiction, (id. at 1–2), and the proper amount of damages, (id. at 8–10).

## DISCUSSION

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of an R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). No party has objected to the R&R, and the time for doing so has passed.

In response to Magistrate Judge Pohorelsky's recommendation, OneWest filed a supplemental affidavit in support of its motion for a default judgment. (D.E. # 41 ("Suppl. Aff.").) The Court has reviewed the record and, finding no clear error in the R&R's recommendations to grant OneWest's request to dismiss Jane Doe and to find that OneWest's complaint establishes defendants' liability, adopts those portions of the R&R as the opinion of the Court. However, in light of the supplemental affidavit OneWest provided, the Court considers the issues of subject matter jurisdiction and whether OneWest is entitled to the requested relief de novo.

### I. Subject Matter Jurisdiction

The Court concludes that OneWest's supplemental affidavit provides sufficient information to establish this Court's subject matter jurisdiction. As a national banking association, (id. ¶ 5), OneWest is deemed by statute to be a citizen of the states in which it is "located," 28

2

U.S.C. § 1348. In <u>Wachovia Bank v. Schmidt</u>, the Supreme Court explained that a national bank is "located," for purposes of this statute, "in the State designated in its articles of association as its main office." 546 U.S. 303, 318 (2006). Although <u>Wachovia</u> "left open the question of whether a national bank is also a citizen of the state of its principal place of business," the Second Circuit recently confirmed that a national bank "is a citizen only of the state listed in its articles of association as its main office." <u>OneWest Bank, N.A. v. Melina</u>, No. 15-3063, slip op. at 7–8 (2d Cir. June 29, 2016). Although OneWest's supplemental affidavit persists in referring to its "principal place of business" rather than its "main offices" when discussing its citizenship, it provides sufficient information to determine that its main office is in fact located in California. (Suppl. Aff. ¶ 6; <u>id.</u> Ex. A.) Despite the R&R's concerns regarding the citizenship of OneWest's parent corporation, "'a subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation.'" <u>Melina</u>, slip op. at 14 (quoting Charles Alan Wright, et al., 13F Federal Practice and Procedure § 3625 (3d ed.)). Because defendants are citizens of New York and Delaware, (Am. Compl. ¶¶ 3–10), while OneWest is a citizen of California, the Court concludes that the complete diversity requirement is satisfied and this Court has subject matter jurisdiction over this case.

## II. Relief

In its motion for default judgment, OneWest requests the following relief: (1) orders authorizing sale of the mortgaged property, foreclosure on existing debts, and distribution of the proceeds, and (2) a money judgment against the defendant Frantz Vaval for damages, costs, and fees. The Court considers whether OneWest is entitled to each form of relief in turn.

3

### A. Order of Foreclosure and Sale

"A plaintiff is entitled to foreclose on a property if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation." E. Sav. Bank, FSB v. Beach, No. 13-CV-341 (JS) (AKT), 2014 WL 923151, at *15 (E.D.N.Y. Mar. 10, 2014) (internal quotation marks and citation omitted); see also United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991). OneWest has produced copies of the Note and Mortgage, as well as proof that the Mortgage was assigned to OneWest. (See D.E. # 30-10 ("San Pedro Aff."), Ex. A ("Note"), Ex. B ("Mortgage"), Exs. E–F.) OneWest has also alleged that "Frantz Vaval and Ketly Vaval failed to make payment in accordance with the terms of the note and mortgage by not making the payment due on September 1, 2009 and subsequent payments." (Am. Compl. ¶ 18.) This allegation is supported by affidavits and exhibits attached to the motion for default judgment. (See San Pedro Aff. ¶ 8; id., Ex. H.) OneWest is therefore entitled to foreclose on the property. In light of the deficiencies discussed below, however, the Court cannot order the judgment of foreclosure and sale at this time. In order to effectuate the foreclosure and sale, the Court directs OneWest to submit a revised proposed judgment of foreclosure and sale in conformance with this Order.

### B. Damages

When entering a default judgment, courts must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. USA, Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). In conducting this inquiry, courts may rely upon "detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record." Fustok v. ContiCommodity Serv., Inc., 873 F.2d 38, 40 (2d Cir. 1989). OneWest seeks the amount due for "principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the property and other similar charges, together with costs,

allowances, expenses of sale, [and] reasonable attorney's fees, all with interest." (Am. Compl. ¶ 22.) In support of its claim for damages, plaintiff submitted an affidavit from JC San Pedro, First Vice President for OneWest Bank N.A., and a number of supporting exhibits.

In the R&R, Magistrate Judge Pohorelsky expressed concerns regarding "fundamental flaws" with OneWest's submissions that prevented him from calculating the amount of damages with the requisite certainty. (R&R at 8–10.) OneWest filed a supplemental affidavit purporting to address these concerns. The Court considers the information contained in OneWest's supplemental affidavit and addresses OneWest's requests for the principal and interest owed, escrow items, and other fees, costs, and attorney's fees below.

### 1. Principal and Interest

OneWest seeks an award for unpaid principal and interest on the Note. The Note provides that once the borrower is in default, if the borrower does not pay the overdue amount within thirty days, the Note Holder, here OneWest, "may require [the borrower] to pay immediately the full amount of Principal that has not been paid and all the interest that [the borrower] owe[s] on that amount." (Note § 7(c).) Given that the Vavals have defaulted on the Note, OneWest is entitled to recover any unpaid principal and the unpaid interest on the Note.

The Court cannot award judgment on these amounts, however, because OneWest has failed to adequately support the amounts requested. In OneWest's supplemental affidavit, Jon Dickerson, an "Authorized Signatory of CIT Bank, N.A formerly known as OneWest Bank N.A.," (Suppl. Aff., Ex. B ("Dickerson Aff.") ¶ 1), reviewed the business records and certified that the following amounts are due on the Note: $580,018.70 for unpaid principal on the Note; $97,878.24 for unpaid interest from August 1, 2009, through January 31, 2014; and $27,550.92 for unpaid interest from February 1, 2014, through February 1, 2015. (Id. ¶ 13.) The affidavit further explains

that although the initial principal was $556,000, (see Am. Compl. ¶ 15; Note § 1), on January 8, 2009, the principal increased to $587,733.97 when the mortgage was modified,[1] (Dickerson Aff. ¶ 7; see also id., Ex. A ("Modification Agreement")). However, OneWest provides no documentation or explanation supporting the affidavit's assertion that the unpaid principal at the time of default was $580,018.70. Although it stands to reason that the Vavals made payments that decreased the principal between January 8, 2009, when the mortgage was modified, and September 1, 2009, when they defaulted on the mortgage, OneWest has provided no evidence to support the claimed outstanding principal. The Court therefore denies OneWest's request for an award of $580,018.70 without prejudice.

OneWest also seeks interest at the Note rate until the date of entry of judgment and at the statutory rate thereafter. (Suppl. Aff. ¶ 12.) After the January 8, 2009, modification, the following interest schedule applied: starting February 1, 2009, the interest rate is 3.75%; starting February 1, 2014, the interest rate is 4.75%; and starting February 1, 2015, the interest rate is 5.125%. (Modification Agreement § 4.) Although the interest rates OneWest requests are proper, because there is uncertainty regarding the amount of unpaid principal, and particularly regarding the amount of unpaid interest-bearing principle, the Court denies the request for unpaid interest without prejudice.

### 2. Escrow Items

OneWest seeks an award of $60,040.81 for escrow advances. The Mortgage provides that the borrower will make periodic payments toward "Escrow Items" including taxes and insurance payments, (Mortgage § 3(a)), and provides that if the borrower defaults on the Note or Mortgage

---

[1] OneWest explains that although the mortgage was modified again on February 1, 2010, increasing the principal to $594,151.97, the modification was subsequently reversed, returning the outstanding principle to $581,825.68. (Suppl. Aff, Ex. B ("Dickerson Aff.") ¶ 7.)

6

the lender may require immediate payment of the amount remaining unpaid under the Note or Mortgage, (id. § 22). Given that the Vavals have defaulted, OneWest is entitled to recover these items.

The Court cannot award judgment on these items, however, because OneWest has failed to adequately support the amounts requested. The listed escrow advances for insurance disbursements and tax disbursements appear proper, but OneWest has provided no documents indicating when these costs were incurred. OneWest may recover these items if they are supported by proper documentation, but absent such documentation, the Court denies the requested escrow advances without prejudice.

### 3. Fees and Costs

OneWest seeks additional damages of $2,555 as compensation for inspection and valuation fees and $2,908.20 as compensation for litigation costs. The Note and Mortgage both provide that OneWest, as the note holder and lender, may recover "costs and expenses" for enforcing the Note, (Note § 7(E)), may charge "fees for services performed in connection with [a] default" including "property inspection and valuation fees," (Mortgage § 14), and may "collect all costs and disbursements and additional allowances in connection with any lawsuit for Foreclosure and Sale," (id. § 22). Given that the Vavals have defaulted, OneWest is entitled to recover these items.

The Court cannot award judgment on these items, however, because OneWest has failed to adequately support the amounts requested. The listed fees appear to be properly related to services in connection with default and the costs appear to be necessary to a lawsuit for foreclosure and sale. Although the cost of filing in this court is easily verifiable, the other fees and costs require supporting documentation or explanation. OneWest may recover these items if they are

supported by proper documentation, but absent such documentation, the Court denies the requested fees and costs without prejudice.

### 4. Attorney's Fees

Finally, OneWest seeks an award of $3,500 for attorney's fees. As the R&R recognizes, the "Mortgage expressly provides for the recovery of reasonable attorneys' fees by [OneWest] in the event of a foreclosure sale." (R&R at 10 (citing Mortgage § 22).) As a general matter, in determining appropriate attorney's fees, the "starting point" for calculating a "presumptively reasonable fee" is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In order to calculate the presumptively reasonable fee, courts in this Circuit require parties requesting attorney's fees to submit "contemporaneous time records specifying relevant dates, time spent, and work done." General Nutrition Inv. Co. v. General Vitamin Centers, Inc., 817 F. Supp. 2d 66, 76 n.2 (E.D.N.Y. 2011) (citing New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987).

Here, OneWest has failed to provide sufficient records to support its request for attorney's fees. Instead, it requests attorney's fees based on a flat-rate agreement with its counsel. Although counsel for OneWest provides a detailed list of work performed in this matter, there is no indication of the time required to complete each task or who completed the task. (See D.E. # 30-11 ("Att'y Affirm.") ¶¶ 3–4.) Despite counsel's claim that "[t]he flat legal fee . . . is based on attorney time

at a rate of $175 per hour, and paralegal time at a rate of $125 per hour," (id. ¶ 6), without more detailed information regarding the hours expended on this matter, the Court cannot determine whether the fee requested is reasonable.

Courts in this District have declined to award attorney's fees pursuant to a flat-rate agreement unless the request is accompanied by supporting documentation sufficient to allow the court to "calculat[e] the presumptively reasonably fee via the lodestar method and compar[e] it to the flat fee amount." OneWest Bank, N.A. v. Cole, No. 14-CV-3078 (FB) (RER), 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015). In fact, courts in this Circuit have specifically declined to award OneWest's requests for flat-rate attorney's fees on numerous occasions. See id. at *7 (denying fees because OneWest's affirmation supporting requested fees included a list of tasks completed but did "not denote any hours expended" nor "attribute any of the listed tasks specifically to [the attorney] or his paralegal"); OneWest Bank, N.A. v. Hawkins, No. 14-CV-4656 (NGG) (CLP), 2015 WL 5706945, at *11 (Sept. 2), adopted by 2015 WL 5706953 (Sept. 28, 2015) (denying fees because OneWest's "counsel seemingly failed to maintain contemporaneous records" and "the papers submitted do not indicate whether the person performing the work was a paralegal or an attorney, and if an attorney, what level of experience he or she possesses"); OneWest Bank, N.A. v. Shepherd, No. 13-CV-1104, 2015 WL 1957284 (TJM), at *1 (N.D.N.Y. Apr. 29, 2015) (denying fees because "[p]laintiff ha[d] not itemized the hours spent on various tasks, or the [] personnel performing the tasks"); cf. OneWest Bank, N.A. v. Denham, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *11 (Aug. 13), adopted by 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (granting fees because OneWest "provided a non-exhaustive list of work performed, the amount of time spent on each task, and the name of the professional who performed the respective task," which, though "not a model of compliance with the Second Circuit's guidance

9

concerning contemporaneous billing records," was sufficient to allow the court to make the required comparison to the lodestar amount). Without such records, the Court cannot determine the presumptively reasonable fee needed to determine whether the fee requested in this case is reasonable. The Court therefore denies OneWest's request for attorney's fees without prejudice.

## CONCLUSION

For these reasons, the Court (1) dismisses the claims against defendant Jane Doe; (2) grants OneWest's motion for a default judgment; and (3) denies OneWest's motion for judgment of foreclosure and sale and its request for damages, costs, and attorney's fees without prejudice.

OneWest may renew its requests for a judgment of foreclosure and sale and for damages by submitting the following within thirty (30) days of the date of this Order: (1) a revised proposed order of foreclosure and sale in compliance with this Order; and (2) briefing and supporting documentation regarding the requested damages and attorney's fees. Any defendant who wishes to oppose these submissions may do so within fifteen (15) days of the date that those submissions are filed.

SO ORDERED.

Dated: July 16, 2016
Brooklyn, NY

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge