UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CIT BANK, N.A., formerly known as
OneWest Bank, N.A.,[1]

                Plaintiff,

   -against-

FRANTZ VAVAL, KETLY VAVAL,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. as
nominee for FRANKLIN FIRST
FINANCIAL, LTD., NEW YORK CITY
TRANSIT ADJUDICATION BUREAU,
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, JEANINE ALTENOR,
LISTON ALTENOR, and JANE DOE,

                Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-3437 (CBA) (PK)

**AMON, United States District Judge:**

Plaintiff CIT Bank, N.A., brings the instant action to seek foreclosure and sale of a mortgage encumbering a property in Brooklyn, because the mortgagor defaulted on payments starting September 1, 2009. (D.E. # 14 ¶¶ 1–4, 18.) When Plaintiff filed the instant action, Defendants were the owners of, tenants at, or holders of security interests in the property. (Id. ¶¶ 5–10.) In a Memorandum and Order dated July 18, 2016 ("M&O"), the Court dismissed the claims against Defendant Jane Doe, who no longer is a tenant, and granted Plaintiff's motion for default

---

[1] Plaintiff files its Complaint and Amended Complaint as OneWest Bank, N.A. (See D.E. # 1 at 1; D.E. # 14 at 1.) On August 13, 2015, Plaintiff filed a Notice of Change of Plaintiff's Name, notifying the Court that its parent company had been acquired and that it "survives as an entity but has changed its name as a part of the acquisition and is now known as CIT Bank, N.A." (D.E. # 37.) In the Notice, Plaintiff also modified the caption, listing its name as "CIT BANK, N.A., FORMERLY KNOWN AS ONEWEST BANK[,] N.A." (Id.) The Court construes the Notice as a motion to substitute parties under Rule 25(c) of the Federal Rules of Civil Procedure. Ordinarily, such motions must be served to all parties. See Fed. R. Civ. P. 25(c). However, the Court has dismissed all claims against Defendant Jane Doe, who was never served process but no longer has an interest in the property at issue, (see D.E. # 46 at 2; see also D.E. # 39 at 3), and the Clerk has entered a certificate of default against the other Defendants, (see D.E. dated Jan. 22, 2015). Therefore, Plaintiff need not serve the substitution motion on the remaining Defendants in this case. See Fed. R. Civ. P. 5(a)(2). Accordingly, the Court grants Plaintiff's construed motion and directs the Clerk of Court to amend the docket to reflect the caption above.

1

judgment against the other Defendants, against which the Clerk of Court had entered a certificate of default. (See D.E. # 46 at 2, 10; see also D.E. # 39 at 3.) However, the Court denied without prejudice Plaintiff's motion for judgment of foreclosure and sale and its request for damages, costs, and fees. (D.E. # 46 at 10.) Before the Court are, as construed, Plaintiff's renewed motion and request, as well as a motion for reconsideration of part of the M&O. (D.E. # 51.) For the reasons set forth below, the Court grants in part and denies in part the request for damages, costs, and fees; denies the construed reconsideration motion; and directs Plaintiff to submit a new proposed judgment of foreclosure and sale that is consistent with this Memorandum and Order.

## DISCUSSION

"A plaintiff is entitled to foreclose on a property if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation." (D.E. # 46 at 4 (quoting E. Sav. Bank, FSB v. Beach, No. 13-CV-341 (JS), 2014 WL 923151, at *15 (E.D.N.Y. Mar. 10, 2014)).) In the M&O, the Court held that Plaintiff was entitled to foreclosure and sale of the Brooklyn property. (D.E. # 46 at 4.) However, "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof" in this case. Flaks v. Koegel, 504 F.3d 702, 707 (2d Cir. 1974). Plaintiff must prove damages "in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.3d 155, 158 (2d Cir. 1992); see also Fed. R. Civ. P. 55(b)(2) (noting that a district court may "conduct hearings" when it "needs to . . . determine the amount of damages" to "effectuate judgment"). "[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." House v. Kent Worldwide Machine Works, Inc., 359 F. App'x 206, 207 (2d Cir. 2010). And the Court must

"ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

Although Defendants failed to appear and rebut damages, the Court in its M&O declined to order foreclosure and sale because Plaintiff failed to provide sufficient records to support its requested amount of $580,018.70 in unpaid principal, $60,040.81 in escrow advances for insurance and tax payments, $2,555.00 in fees related to the default, $2,998.20 in litigation costs,[2] and $3,500.00 in attorney's fees. (D.E. # 46 at 5–10.) Still, the Court approved Plaintiff's requested interest rates on the principal: 3.75% starting February 1, 2009; 4.75% starting February 1, 2014; and 5.125% starting February 1, 2015. (Id. at 6.)

On December 2, 2016, Plaintiff filed a Supplemental Affirmation for Default Judgment and Judgment of Foreclosure and Sale (the "Supplemental Affirmation"). (D.E. # 51.) The Court construes the Supplemental Affirmation as a renewed motion for foreclosure and sale and request for damages, costs, and fees. Defendants once again have failed to appear and oppose the motion.

With respect to the unpaid principal, the Court in its M&O found that the unpaid principal was $587,733.97 as of January 8, 2009, but that Plaintiff failed to provide support for the amount $580,018.70 at the time of mortgage default. (See D.E. # 46 at 5–6.) In its renewed motion, Plaintiff offers a sworn affidavit from one of its directors testifying that the unpaid principal was indeed $580,018.70. (See D.E. # 51-3 ¶ 8.) Attached to the affidavit are purported bank records, which Plaintiff did not provide in the original motion. The director testified to their admissibility and authenticity as business records. (Id. ¶¶ 3, 8.) The records show that, as of September 1, 2009, the unpaid principal indeed was $580,018.70. They reflect that none of the principal has been paid

---

[2] The Court notes that Plaintiff itemized the litigation fees in a September 14, 2015, Attorney Affirmation, which the Plaintiff had provided the Court before it issued its M&O. (See D.E. # 33-3 at 2.) Although Plaintiff asserted the litigation fees to total $2,908.20, and the Court so noted in its M&O, (see D.E. # 46 at 7), Plaintiff had incorrectly added the itemized amounts. Plaintiff instead was seeking $2,998.20 in litigation fees.

as of August 16, 2016. (Id., Ex. C.) Upon review of the records, the Court finds that Plaintiff "adequately support[s]" $580,018.70 of unpaid principal, (D.E. # 46 at 5).

With respect to unpaid interest, the Court in its M&O declined to calculate a figure in light of "uncertainty regarding the amount of unpaid principal." (D.E. # 46 at 5–6.) In the instant motion, the business records showing the unpaid principal also establish the unpaid interest. The admissible records state that the unpaid interest is $172,135.51 as of August 27, 2016. (D.E. #51-3, Ex. C.) Moreover, the records also show that, every month since August 2016, interest has increased by $2,477.16—consistent with the annual rate of 5.125% approved by this Court in its M&O, (see D.E. # 46 at 6.) In light of the documentary evidence, the Court finds that Plaintiff earned another $42,471.41 in unpaid interest after August 27, 2016, for a total of $214,606.92 of unpaid interest.

With respect to the escrow advances, the director testifies that $60,040.81 was the correct amount as of February 10, 2015, when the Court referred the motion for default judgment to the Honorable Viktor V. Pohorelsky, United States Magistrate Judge.[3] However, the attached documents, which the director testifies are business records, show that Defendants now owe Plaintiff more. (See D.E. # 51-3, Exs. C–D.) According to the document, Defendants owe $90,293.20 in escrow advances as of August 17, 2016. (See id., Ex. C.) In particular, Plaintiff has provided $62,097.35 for tax disbursements and $31,102.08 for insurance disbursements. (Id., Ex. D.) The Court subtracts from the sum $2,906.23 in escrow credits. (Id.) Upon review of the records, the Court finds that Plaintiff "adequately support[s]" $90,293.20 in escrow advances, (D.E. # 46 at 5).

---

[3] The case has been reassigned to the Honorable Peggy Kuo, United States Magistrate Judge. (D.E. dated Oct. 17, 2015.)

Plaintiff also provides sufficient documentary evidence for the costs. The director testifies to the admissibility of relevant business records, which show that Plaintiff has spent $2,555 in broker price opinions and property inspections. (See D.E. # 51-3, Ex. E.) However, the director concedes that "$2,457.52 [is] credited to the recoverable balance." (Id.) The Court subtracts $2,457.52 and finds that Plaintiff establishes only $97.48 in costs.

With respect to litigation fees, the Court awards $400 to Plaintiff. To prove the fees, Plaintiff offers a so-called "Statement of Damages," which is deficient in three ways. (See D.E. # 51-6.) First, the total has changed—to $2,868.20 from $2,998.20—apparently because the fees for "[s]erving copy of Summons and Complaint" was slashed by $130. (Compare D.E. # 51-6 at 1–2, with D.E. # 33-3 at 2.) But Plaintiff fails to explain why the amount, which should have been stable throughout the course of litigation, had changed. Second, attached to the Statement of Damages are purported business records with no testimony authenticating them or proving that they qualify as hearsay exceptions. (See D.E. # 51-6 at 4–9.) Third, even if the attached documents were admissible, they would prove only that Plaintiff spent $2,363.20. Plaintiff does not provide documentation as to how it incurred the remaining $505 in fees. Because the evidence is inadmissible and in any event contains confusing inconsistencies and gaps, the Court does not consider the Statement of Damages and its accompanying exhibits. Nonetheless, Plaintiff initially filed this action in federal court, and the Court takes judicial notice of the costs associated with a federal action. The docket reflects that Plaintiff paid $400 in filing fees at the start. (D.E. # 1); see also Court Fees, U.S. Dist. Ct. – E. Dist. of N.Y., https://www.nyed.uscourts.gov/court-fees (last visited Jan. 31, 2018). Therefore, in light of the judicially noticeable evidence, the Court finds that Plaintiff is entitled to $400 in litigation fees.

The Court turns last to attorney's fees. Plaintiff requests $3,500 based on a flat-fee agreement with its counsel. (See D.E. # 46 at 8.) In the M&O, the Court held that it will "decline[] to award attorney's fees pursuant to a flat-rate agreement unless the request is accompanied by supporting documentation sufficient to allow the court to 'calculat[e] the presumptively reasonabl[e] fee via the lodestar method[4] and compar[e] it to the flat fee amount.'" (Id. at 9 (first and fourth alterations in original) (collecting cases).) The Court also held that it would require Plaintiff "to submit 'contemporaneous time records specifying relevant dates, time spent, and work done.'" (Id. at 8 (quoting Gen. Nutrition Inv. Co. v. Gen. Vitamin Ctrs., Inc., 817 F. Supp. 2d 66, 76 n.2 (E.D.N.Y. 2011)).)

In the Supplemental Affirmation, counsel for Plaintiff testifies that he "is unable to submit contemporaneous time records[,] as a flat fee of $3,500.00 [wa]s charged based upon the work involved . . . ." (D.E. # 51 ¶ 10.) Counsel adds that "there have been decisions in this District that have allowed for the collection of a flat fee without contemporaneous records." (Id. ¶ 9 (citing OneWest Bank, N.A. v. Raghunath, No. 14-CV-3310 (RJD), 2015 WL 5774784, at *6 (E.D.N.Y. Sept. 8, 2015) (collecting cases), report and recommendation adopted, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015)).)

The Court construes the Supplemental Affirmation as a motion for reconsideration under Local Civil Rule 6.3, and the Court denies the motion. First, Plaintiff violates the rule, having failed to file the motion within 14 days after the Court had issued its M&O. In any event, the motion is denied on the merits. Under the local rule, a movant is required to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Plaintiff cites only to OneWest Bank, a nonbinding magistrate judge's report and recommendation. In

---

[4] The lodestar is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 653 F.3d 154, 166 (2d Cir. 2011).

addition, the magistrate judge in <u>OneWest Bank</u> noted that district courts in this Circuit are split on whether to give attorney's fees despite the lack of contemporaneous records. <u>See</u> 2015 WL 5774784, at *6. The case fails to persuade this Court to change sides in the debate. The Court thus denies Plaintiff's construed motion for reconsideration.

Because Plaintiff's counsel lacks any contemporaneous records, the Court denies Plaintiff's request for attorney's fees with prejudice.

## CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's request for damages, costs, and fees, and the Court DENIES Plaintiff's construed motion for reconsideration of the June 18, 2016, M&O. The Court DENIES WITH PREJUDICE Plaintiff's request for attorney's fees. The Court AWARDS Plaintiff damages of $580,018.70 of unpaid principal, $214,606.92 of unpaid interest, $90,293.20 in escrow advances, $400.00 in litigation fees, and $97.48 in costs. The Court DIRECTS Plaintiff no later than February 14, 2018, both to submit a new proposed Judgment of Foreclosure and Sale that specifies the conditions for sale and otherwise is consistent with this Memorandum and Order, and to choose a referee for the foreclosure and sale.

SO ORDERED.

Dated: January 31, 2018
      Brooklyn, New York

                                                s/Carol Bagley Amon
                                                _____
                                                Carol Bagley Amon
                                                United States District Judge